# United States District Court
## for the
# District of Alaska
### Petition for Warrant or Summons for Offender Under Supervised Release

Name of Offender: Antonio Dukes                              Case Number: 03CR0150

Sentencing Judicial Officer:     John W. Sedwick, Chief U.S. District Court Judge

Date of Original Sentence:       April 7, 2004

Original Offense:                Felon in Possession of a Firearm, 18 USC 922(g)(1)

Original Sentence:               30 months custody and two years supervised release; drug treatment and testing; search/seizure; mental health treatment

Date Supervision Commenced:      March 2, 2006

Asst. U.S. Attorney: James Barkeley              Defense Attorney: M.J. Haydon

## PETITIONING THE COURT

[X]   To issue a warrant
[ ]   To issue a summons

The probation officer believes that the offender has violated the following condition(s) of supervised release:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | The defendant has violated the Mandatory Condition of Supervision "The defendant shall refrain from any unlawful use of a controlled substance," in that the defendant submitted to urinalysis testing on March 17, 2006 which proved positive for marijuana. The defendant admitted to using marijuana subsequent to this positive urinalysis. This violation is a Grade C violation. |
| 2 | The defendant has violated the Mandatory Condition of Supervision "The defendant shall refrain from any unlawful use of a controlled substance," in that the defendant submitted to urinalysis testing on April 3, 2006 which proved positive for marijuana. The defendant admitted to using marijuana subsequent to this positive urinalysis. This violation is a Grade C violation. |
| 3 | The defendant has violated the Mandatory Condition of Supervision "The defendant shall refrain from any unlawful use of a controlled substance," in that the defendant used marijuana on April 15, 2006. This violation is a Grade C violation. |
| 4 | The defendant has violated the Mandatory Condition of Supervision "The defendant shall refrain from any unlawful use of a controlled substance," in that the defendant used marijuana and cocaine on April 29, 2006. This violation is a Grade C violation. |
| 5 | The defendant has violated the Mandatory Condition of Supervision "The defendant shall refrain from any unlawful use of a controlled substance," in that the defendant submitted to urinalysis testing on June 29, 2006 which proved positive for marijuana. The defendant admitted to using marijuana subsequent to this positive urinalysis. This violation is a Grade C violation. |

| | |
|---|---|
| 6 | The defendant has violated the Mandatory Condition of Supervision "The defendant shall refrain from any unlawful use of a controlled substance," in that the defendant submitted to urinalysis testing on July 6, 2006 which proved positive for marijuana. This violation is a Grade C violation. |
| 7 | The defendant has violated the Mandatory Condition of Supervision "The defendant shall refrain from any unlawful use of a controlled substance," in that the defendant submitted to urinalysis testing on July 10, 2006 which proved positive for marijuana and cocaine. This violation is a Grade C violation. |
| 8 | The defendant has violated the Mandatory Condition of Supervision "The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed 12 tests per month, at the direction of the probation officer," in that the defendant failed to report for drug testing on May 16, 2006. This is a Grade C violation. |
| 9 | The defendant has violated the Mandatory Condition of Supervision "The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed 12 tests per month, at the direction of the probation officer," in that the defendant failed to report for drug testing on May 30, 2006. This is a Grade C violation. |
| 10 | The defendant has violated the Mandatory Condition of Supervision "The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed 12 tests per month, at the direction of the probation officer," in that the defendant failed to report for drug testing on July 19, 2006. This is a Grade C violation. |
| 11 | The defendant has violated the Mandatory Condition of Supervision "The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed 12 tests per month, at the direction of the probation officer," in that the defendant failed to report for drug testing on July 24, 2006. This is a Grade C violation. |
| 12 | The defendant has violated the Standard Condition of Supervision "The defendant shall work regularly at a lawful occupation, unless excused for schooling, training, or other acceptable reasons," in that the defendant has failed to maintain regular, full-time employment since the commencement of supervision. This is a Grade C violation. |

U.S. Probation Officer Recommendation:

The term of supervised release should be:

      [X]    Revoked
      [ ]    Extended for _____ year(s), for a total term of _____ years.

[ ]    The conditions of supervised release should be modified as follows:

Petition for Warrant or Summons
Name of Offender :    Antonio Dukes
Case Number        :    03CR0150

Respectfully submitted,

REDACTED SIGNATURE

Michael Pentangelo
Senior U.S. Probation Officer
Date: July 25, 2006

Approved by:

**REDACTED SIGNATURE**

Eric D. Odegard
Supervising U.S. Probation Officer


THE COURT ORDERS

[X]  *The WARRANT FOR ARREST be delivered to the U.S. Marshal's Service; and the petition, probation officer's declaration, and a copy of the warrant shall be sealed in the Clerk's file and disclosed only to the U.S. Attorney for their official use, until the arrest of the offender.* The petition for supervised release revocation is referred to the Magistrate Judge for initial appearance/preliminary hearing(s). The evidentiary hearing, if any, will be before the Magistrate Judge only upon consent; otherwise the evidentiary hearing will be before the undersigned District Court Judge.

[ ]  The issuance of a summons. The Petition for Supervised Release revocation is referred to the Magistrate Judge for initial appearance/preliminary hearing(s). The evidentiary hearing, if any, will be before the Magistrate Judge only upon consent; otherwise the evidentiary hearing will be before the undersigned District Court Judge.

[ ]  Other:

REDACTED SIGNATURE

John W. Sedwick
Chief U.S. District Court Judge

7-27-06
Date


**Supervised Release Cases:** Pursuant to 18.U.S.C. § 3401(I), the sentencing District Court may designate a Magistrate Judge to conduct hearings to modify, revoke, or terminate supervised release, including evidentiary hearings, and to submit to the Court proposed findings of facts and recommendations, including disposition recommendations.
**Probation Cases:** Pursuant to *United States v. Frank F. Colacurcio*, 84 F.3d 326, a Magistrate Judge has the authority to conduct a probation revocation hearing **only if** the following three conditions are satisfied: (1) the defendant's probation was imposed for a misdemeanor; (2) the defendant consented to trial, judgment, and sentence by a Magistrate Judge; and (3) the defendant initially was sentenced by a Magistrate Judge. Therefore, a District Court **may not** designate a Magistrate Judge to conduct revocation hearings on probation cases where a District Court was the sentencing Court.

# United States District Court
for the
# DISTRICT OF ALASKA

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) ) ) | Case Number: 03CR0150 |
| vs. | ) ) ) | DECLARATION IN SUPPORT OF PETITION |
| Antonio Dukes | ) ) ) |  |

I, Michael Pentangelo, am the U.S. Probation Officer assigned to supervise the Court-ordered conditions of supervised release for Antonio Dukes, and in that capacity declare as follows:

The defendant was sentenced on April 7, 2004 to 30 months custody and 2 years supervised release with special conditions for drug treatment and testing; search/seizure; mental health treatment; and no firearm. This sentence followed a conviction for Felon in Possession of a Firearm, in violation of 18 USC 922(g)(1).

On February 20, 2006, the defendant's conditions of supervision were modified to include up to 90 days halfway house placement to facilitate the defendant's adjustment to supervision. The defendant was experiencing difficulty securing housing, so his halfway house placement was extended to permit continued residency at the Cordova Center upon his release from Bureau of Prisons custody.

The defendant commenced supervised release on March 2, 2006.

The defendant was enrolled in random urinalysis testing on March 6, 2006.

The defendant secured a suitable residence with his aunt and was permitted discharge from the Cordova Center on March 20, 2006.

On March 31, 2006, the probation officer was notified by Cordova Center that the defendant's final urinalysis secured on March 17, 2006 returned positive for marijuana. The defendant admitted to using marijuana prior to his discharge from Cordova Center.

On April 3, 2006, the defendant submitted to urinalysis testing which returned positive for marijuana. The defendant admitted to using marijuana subsequent to this positive test result.

On April 15, 2006, the defendant used marijuana by self admission. The defendant admitted to

using marijuana after several attempts by the probation officer to secure a urine specimen on April 18 and April 19 respectively. The defendant intentionally diluted his system by excessive fluid intake, therefore adulterating his sample despite several warning issued by the probation officer concerning.

The defendant was referred to substance abuse treatment at RITE, Inc. He was enrolled in RITE, Inc.'s outpatient program on April 20, 2006.

The defendant submitted to urinalysis on May 4, 2006 which proved positive for marijuana and cocaine. The defendant further admitted that he had used these substances on or about April 29-April 30, 2006.

On May 16, 2006, the defendant failed to report for urinalysis testing. The defendant reported for testing on May 17, 2006 and was warned by the probation officer about future no shows.

On May 30, 2006, the defendant failed to report for urinalysis testing. The defendant contacted the probation officer after hours and left a message acknowledging that he had missed a urinalysis this date. He further stated that he would report "1st thing in the morning" the following day. The defendant did not report until 2:30Pm on May 31, 2006 for urinalysis.

On June 29, 2006, the defendant submitted to urinalysis which proved positive for marijuana. The defendant admitted to using marijuana.

On July 6, 2006, the defendant submitted to urinalysis testing which proved positive for marijuana.

The defendant was directed to report to the probation officer on July 10, 2006, to further address this issue. The probation officer advised the defendant that he was considering recommending 6 months halfway house as a sanction for continued substance abuse and failure to maintain full-time employment. It was further suggested that he discuss this proposal with his attorney as he would be offered an opportunity to waive his right to a hearing. The probation officer specifically warned the defendant that this is not license to continue using substances until he is placed in the halfway house should the Court implement this proposed modification.

On July 10, 2006, the defendant reported to the probation office and executed Probation Form 49, waiving his right to a hearing and agreeing with the proposed modification of 6 months halfway house placement. The defendant also submitted to urinalysis testing which proved positive for cocaine and marijuana.

The defendant failed to report for urinalysis on July 19, 2006. Moreover, on July 20, 2006, the probation officer received telephonic contact from RITE, Inc advising that the defendant had not shown for any scheduled sessions since July 5, 2006. The probation officer contacted the defendant and admonished him for his failure to report for urinalysis on July 19 and directed him to contact RITE to resume therapy. Advised sub that should he miss another

urinalysis, a petition to revoke supervision would be filed.

The defendant failed to report for urinalysis on July 24, 2006.

Since the commencement of supervision, the defendant has remained sporadically employed. He has been fired from at least 2 of the three jobs he has held for unreliability. The defendant currently remains unemployed.

Executed this 25th day of July, 2006, at Anchorage, Alaska, in conformance with the provisions of 28 U.S.C. § 1746.

I declare, under penalty of perjury, that the foregoing is true and correct, except those matters stated upon information and belief, and as to those matters, I believe them to be true.

REDACTED SIGNATURE

Michael Pentangelo
Senior U.S. Probation Officer