# United States District Court
## for the
# District of Alaska
### Petition for Warrant or Summons for Offender Under Supervised Release

Name of Offender: Antonio Dukes                                 Case Number: 03CR0150

Sentencing Judicial Officer:     John W. Sedwick, Chief U.S. District Court Judge

Date of Original Sentence:       April 7, 2004

Original Offense:                Felon in Possession of a Firearm, 18 USC 922(g)(1)

Original Sentence:               30 months custody and two years supervised release; drug treatment and testing; search/seizure; mental health treatment

Revocation Sentence:             Time-served and 2 years supervised release; special conditions as originally imposed with addition of no alcohol

Date Supervision Commenced:      November 3, 2006

Asst. U.S. Attorney: James Barkeley              Defense Attorney: M.J. Haydon

## PETITIONING THE COURT

[X]   To issue a warrant
[ ]   To issue a summons

The probation officer believes that the offender has violated the following condition(s) of supervised release:

| Violation Number | Nature of Noncompliance |
| --- | --- |
| 1 | The defendant has violated the Mandatory Condition of Supervision "The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed 12 tests per month, at the direction of the probation officer," in that the defendant failed to report for drug testing on November 7, 2006. This is a Grade C violation. |

U.S. Probation Officer Recommendation:

   The term of supervised release should be:

   [X]   Revoked
   [ ]   Extended for _____ year(s), for a total term of _____ years.

[ ]   The conditions of supervised release should be modified as follows:

Respectfully submitted,

REDACTED SIGNATURE

Michael Pentangelo
Senior U.S. Probation Officer
Date: November 8, 2006

Approved by:

REDACTED SIGNATURE

Eric D. Odegard
Supervising U.S. Probation Officer


THE COURT ORDERS

[X]   *The WARRANT FOR ARREST be delivered to the U.S. Marshal's Service; and the petition, probation officer's declaration, and a copy of the warrant shall be sealed in the Clerk's file and disclosed only to the U.S. Attorney for their official use, until the arrest of the offender.  The petition for supervised release revocation is referred to the Magistrate Judge for initial appearance/preliminary hearing(s). The evidentiary hearing, if any, will be before the Magistrate Judge only upon consent; otherwise the evidentiary hearing will be before the undersigned District Court Judge.*

[ ]   The issuance of a summons.  The Petition for Supervised Release revocation is referred to the Magistrate Judge for initial appearance/preliminary hearing(s).  The evidentiary hearing, if any, will be before the Magistrate Judge only upon consent; otherwise the evidentiary hearing will be before the undersigned District Court Judge.

[ ]   Other:

REDACTED SIGNATURE

John W. Sedwick
Chief U.S. District Court Judge

_11-8-06_
Date

---

**Supervised Release Cases:** Pursuant to 18.U.S.C. § 3401(I), the sentencing District Court may designate a Magistrate Judge to conduct hearings to modify, revoke, or terminate supervised release, including evidentiary hearings, and to submit to the Court proposed findings of facts and recommendations, including disposition recommendations.
**Probation Cases:** Pursuant to *United States v. Frank F. Colacurcio,* 84 F.3d 326, a Magistrate Judge has the authority to conduct a probation revocation hearing **only if** the following three conditions are satisfied: (1) the defendant's probation was imposed for a misdemeanor; (2) the defendant consented to trial, judgment, and sentence by a Magistrate Judge; and (3) the defendant initially was sentenced by a Magistrate Judge.  Therefore, a District Court **may not** designate a Magistrate Judge to conduct revocation hearings on probation cases where a District Court was the sentencing Court.

# United States District Court
## for the
# DISTRICT OF ALASKA

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) ) ) | Case Number: 03CR0150 |
| vs. | ) ) ) | DECLARATION IN SUPPORT OF PETITION |
| Antonio Dukes | ) ) ) |  |

I, Michael Pentangelo, am the U.S. Probation Officer assigned to supervise the Court-ordered conditions of supervised release for Antonio Dukes, and in that capacity declare as follows:

The defendant was sentenced on April 7, 2004 to 30 months custody and 2 years supervised release with special conditions for drug treatment and testing; search/seizure; mental health treatment; and no firearm. This sentence followed a conviction for Felon in Possession of a Firearm, in violation of 18 USC 922(g)(1).

On February 20, 2006, the defendant's conditions of supervision were modified to include up to 90 days halfway house placement to facilitate the defendant's adjustment to supervision. The defendant was experiencing difficulty securing housing, so his halfway house placement was extended to permit continued residency at the Cordova Center upon his release from Bureau of Prisons custody.

The defendant commenced supervised release on March 2, 2006.

The defendant was sentenced on November 3, 2006 to time-served and 2 years supervised release with special conditions as originally imposed with the addition of a condition prohibiting alcohol consumption subsequent to 12 violations of supervised release including illicit drug use (marijuana and cocaine); failure to report for drug testing; and failure to maintain employment. This sentenced was recommended to the Court after the defendant was afforded the opportunity to complete an inpatient substance abuse treatment program at the Salvation Army Clitheore Center. The defendant completed the inpatient program on October 31, 2006.

The defendant re-commenced supervised release on November 3, 2006, immediately upon sentencing. After sentencing, the probation officer secured a urine specimen from the defendant which proved positive for marijuana. The defendant denied marijuana use. When the probation officer then asked how it would be possible for him to test positive for the

substance, the defendant stated that the evening prior, he was driving around with a friend of his who was smoking marijuana in the car. In fact, the defendant stated that his friend who was ingesting the marijuana was the driver of the vehicle. The specimen was forwarded to Scientific Testing Laboratories for confirmation. Although the probation officer believes that the defendant used marijuana, his stated excuse otherwise reveals conduct which is in direct violation of the terms of his supervision.

The defendant was enrolled in random drug testing on November 3, 2006.

The defendant willfully failed to report for drug testing as scheduled on November 7, 2006. At approximately 4:45PM on November 7, the defendant contacted the probation officer stating that he was unable to report for drug testing this date. The defendant stated that he "missed the bus". The probation officer inquired if the defendant was working this date and he denied same. When asked what he was otherwise doing this date, the defendant stated that he was "taking it easy" because he had the day off from work. It should be noted that the defendant contacted the drug testing line operated by the U.S. Probation Office at approximately 8:30PM the prior evening. As such, the defendant had ample notice regarding his scheduled drug test on November 7. He also had ample time to report to the U.S. Probation Office to submit to testing as required.

Executed this 8th day of November, 2006, at Anchorage, Alaska, in conformance with the provisions of 28 U.S.C. § 1746.

I declare, under penalty of perjury, that the foregoing is true and correct, except those matters stated upon information and belief, and as to those matters, I believe them to be true.

**REDACTED SIGNATURE**
Michael Pentangelo
Senior U.S. Probation Officer